Charles Lee WHITFIELD v. STATE of Arkansas

CR 96-522                                        934 S.W.2d 484

Supreme Court of Arkansas
Opinion delivered November 25, 1996

*Michaelene Connealy Marshall*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly K. Hill*, Deputy Att'y Gen., for appellee.

PER CURIAM. The appellant, Charles Lee Whitfield, was convicted of capital murder and sentenced to life in prison without parole. Pursuant to *Anders v. California*, 386 U.S. 738, (1967), his counsel has filed a motion to be relieved and a brief stating there is no merit to the appeal. Whitfield was notified of his right to file a *pro se* brief within thirty days. He did not file a brief. The State agrees that there is no merit to Whitfield's appeal. We find that Whitfield's counsel did not fully brief all of the rulings that were adverse to her client. Accordingly, we order rebriefing.

Whitfield's conviction arose from an incident that occurred in the detoxification cell at the Blytheville City Jail on April 1, 1995. After he was arrested on a public intoxication charge, Whitfield was placed in the cell with three other inmates, including the victim, Doug Richmond. A short time afterward, the screams of two of the other inmates alerted jailers to an altercation between Whitfield and Richmond. When the police arrived, they discovered Whitfield, who was naked from the waist down, kicking Richmond in the head and shouting that Richmond would perform oral sex on him "before he dies." Richmond died of massive head trauma as a result of the attack.

Whitfield was charged with attempted rape and capital murder. After waiving his right to a jury trial, he received a bench trial in which the only adverse rulings were the denial of his motions for a directed verdict. Three adverse rulings were made, however, prior to the trial. Two of those rulings were denials of Whitfield's motions for a continuance. The third ruling was a denial of Whitfield's motion for a second mental examination by a private mental health professional after he had been examined and determined competent by a court-appointed psychologist.

■ *Anders* v. *California, supra,* and Ark. Sup. Ct. R. Rule 4-3(j) set forth the required contents of a no-merit brief that accompanies an attorney's request to withdraw. In pertinent part, Rule 4-3(j) provides:

> A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal.

■ In the no-merit brief, Whitfield's counsel addresses the denial of the motions for a continuance and sets forth the evidence that was sufficient to convict her client of capital murder, but she omits the adverse ruling concerning Whitfield's request for further mental examination. Because of this omission, the no-merit brief does not comply with *Anders* v. *California, supra,* and Ark. Sup. Ct. R. Rule 4-3(j). Accordingly, we order Whitfield's attorney to file a new brief on or before December 26, 1996. In accordance with Rule 4-3(j)(2), Whitfield will have thirty days from that date to raise any additional arguments regarding the Trial Court's denial of his request for a second mental examination.

Rebriefing ordered.