William Wesley SKIVER *v.* STATE of Arkansas

CR 96-527                                        935 S.W.2d 248

Supreme Court of Arkansas
Opinion delivered December 16, 1996

*Jon A. Williams*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant, William Wesley Skiver, was convicted of aggravated robbery and sentenced to life in prison. Pursuant to *Anders* v. *California*, 386 U.S. 738 (1967), his attorney has filed a motion to withdraw and a brief stating there is no merit to the appeal. Skiver was given thirty days to file a *pro se* brief raising any additional arguments. He did not file a brief. The State agrees that there is no merit to the appeal and recommends that Skiver's conviction be affirmed. We find that the no merit brief that has been filed does not comply with the requirements of *Anders, supra,* and Ark. Sup. Ct. R. 4-3(j). Accordingly, we order rebriefing.

Skiver's conviction arose from an incident that occurred in a convenience store in Paragould. After threatening the store clerk with a hidden knife, Skiver took the cash from the register and several items from the clerk's purse. Two witnesses arrived at the store as Skiver was leaving, and the store clerk was able to alert them to what had just occurred. One of the witnesses ascertained the direction Skiver travelled as he left, and the police were alerted. A chase ensued, and Skiver was apprehended after barricading himself in the bedroom of a residence.

On the day of his arrest, Skiver gave a taped statement to Lieutenant Stephenson of the Paragould Police Department. In the

statement, Skiver confessed to robbing the convenience store, and he also stated "I'm going back to the penitentiary." Although there is no written or oral motion to suppress in the record, a *Denno* hearing was held on the day of the trial. At the conclusion of the hearing, the Trial Court ruled that the statement was admissible. Additionally, the Court decided, over Skiver's relevancy objection, that the jury could hear his reference to "going back to the penitentiary" during the guilt phase of the trial.

During both phases of Skiver's trial, there were ten other rulings that were adverse to the defense. During the guilt phase, the Trial Court overruled five objections made by Skiver on the basis of hearsay. The Trial Court also denied Skiver's motion for a directed verdict, and refused to modify the jury instructions pursuant to a request from the defense. Additionally, the Trial Court sustained an objection by the State during Skiver's cross-examination of Officer Tyner of the Paragould Police Department.

During the penalty phase of Skiver's trial, the Trial Court allowed the State to introduce evidence of Skiver's attempt to escape from jail shortly before his trial. The Trial Court also made another ruling, but the record is unclear concerning the exact nature of the decision. In the no-merit brief, the ruling is characterized as the Trial Court's overruling of a defense objection to the introduction of prior convictions during the penalty phase. The corresponding citation to the record, however, suggests that the ruling dealt with an amendment to the information to charge Skiver as an habitual offender. The record reads:

> THE COURT: We need to put on the record that the State, that they were seeking enhanced punishment as a result of the defendant being an habitual offender.
>
> This took place in chambers. Mr. Williams asserted his objection in a timely manner, and the Court recognizes the amendment on the date of trial to allege the defendant an habitual offender. He did find that the prosecuting attorney made the prior convictions available to defense counsel a soon as they had them. The Court felt it would not be appropriate to instruct the jury in that regard.

We must order rebriefing in this case because both the abstract and the argument section of the no-merit brief are incomplete. As can be seen, the Trial Court made a total of twelve rulings that were

adverse to Skiver. Only eight of those rulings, however, were mentioned in the abstract of the no-merit brief, and still fewer were discussed in the argument section. The abstract refers to the five hearsay rulings, the denial of Skiver's motion for a directed verdict, and the admission of evidence of his escape from jail. The abstract also includes the ruling that Skiver's attorney characterizes as allowing "the admission of prior convictions during the penalty phase." Although the State has supplied a supplemental abstract of the omitted rulings, we are still left with an abstract that consists of only those rulings and the objections or motions that prompted them, and not other material parts of the record, such as the judgment and commitment order, the *Denno* hearing, and summaries of the testimony and evidence that was presented during the trial.

■ Additionally, Skiver's attorney has not complied with Rule 4-3(j) because he has failed to discuss all of the adverse rulings in the argument portion of the no-merit brief. In pertinent part, Rule 4-3(j) provides:

> A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract section of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the trial court.

The argument section of the no-merit brief does not discuss the Trial Court's admission of the evidence of Skiver's escape from jail; the admission of his custodial statement; the inclusion of Skiver's reference to "going back to the penitentiary" in the recording played before the jury during the guilt phase of the trial; the Trial Court's decision to sustain an objection by the State; and the Trial Court's refusal of Skiver's request to modify the jury instructions. Furthermore, while the denial of Skiver's motion for a directed verdict is mentioned, the sufficiency of the evidence if not fully discussed. Accordingly, we order Skiver's attorney to file a new brief on or before February 7, 1997. In accordance with Rule 4-3(j)(2), Skiver will have thirty days from that date to raise any

additional arguments.

Rebriefing ordered.