William Wesley SKIVER *v.* STATE of Arkansas

CR 96-527 954 S.W.2d 913

Supreme Court of Arkansas
Opinion delivered October 30, 1997

*Jon A. Williams,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant, William Wesley Skiver, was convicted of aggravated robbery and was sentenced as a habitual offender to life in prison. Pursuant to *Anders v. California,* 386 U.S. 738 (1967), his attorney filed a motion to withdraw and a brief stating there is no merit to the appeal. Last term, we wrote an opinion ordering Skiver's attorney to rebrief the case because the abstract and argument portions of the brief did not comply with the requirements of *Anders, supra,* and Ark. Sup. Ct. R. 4-3(h) and 4-3(j). *Skiver v. State,* 326 Ark. 914, 935 S.W.2d 248 (1996). Counsel filed a substituted brief, and Skiver was given thirty days to file a *pro se* brief raising any additional arguments. Skiver did not file a brief. The State agrees that there is no merit to the appeal and recommends that Skiver's conviction be affirmed. We find that the substituted no-merit brief, like its predecessor, is not in compliance with *Anders* and Rule 4-3(j). Accordingly, we must again order rebriefing.

The facts surrounding Skiver's conviction and sentence were set forth in our previous opinion. *Skiver v. State, supra.* In that opinion, we noted that although the record did not contain a written or oral motion to suppress Skiver's custodial statement, a

*Denno* hearing was held on the day of trial. At the conclusion of that hearing, the Trial Court made the following ruling regarding Skiver's statement:

> The Court will find that the defendant knowingly, voluntarily, and intelligently waived his rights to remain silent and gave a knowing, voluntary statement to the officer.

This ruling is not discussed in the argument section of the substituted brief. Once again, counsel has failed to comply with Rule 4-3(j), which provides:

> A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract section of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the trial court.

We simply cannot affirm Skiver's conviction without any discussion as to why an issue concerning the Trial Court's ruling concerning his statement would not be a meritorious ground for reversal. Accordingly, we direct Skiver's counsel to submit another brief containing an abstract of the motion to suppress and a discussion of the merit of any issue that can be raised concerning that ruling. If the motion was written, we direct that the record be supplemented with a certified copy of that motion. If the motion was oral, we direct that there be entered a stipulation as to its existence and contents.

Furthermore, we noted in our previous opinion that "while the denial of Skiver's motion for a directed verdict is mentioned, the sufficiency of the evidence is not fully discussed." The substituted brief still fails to fully discuss the sufficiency of the evidence issue. Counsel fails to set forth the State's evidence and explain its sufficiency for a conviction for the crimes charged. Accordingly, we direct counsel to reargue the sufficiency of the evidence.

 Skiver's counsel is directed to file a new brief on or before December 30, 1997. In accordance with Rule 4-3(j)(2),

Skiver will have thirty days from that date to raise any additional arguments.

Rebriefing ordered.