Corey DEWBERRY *v.* STATE of Arkansas

CR 99-1079                                          15 S.W.3d 671

Supreme Court of Arkansas
Opinion delivered April 27, 2000

*James Scott Hudson, Jr.,* Judge;

*Jim Pedigo,* Public Defender, for appellant.

*Mark Pryor,* Att'y Gen., by: *C. Joseph Cordi, Jr.,* Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Corey Dewberry was convicted in the Miller County Circuit Court of five counts of aggravated robbery, five counts of theft of property, and one count of aggravated assault. He was sentenced to five terms of life imprisonment, five terms of thirty years' imprisonment, and twelve years' imprisonment, respectively. Hence, our jurisdiction of this appeal is pursuant to Ark. Sup. Ct. R. 1-2(a)(2). Appellant's attorney has filed a motion to withdraw and a brief stating that there is no merit to the appeal. *See Anders v. California,* 386 U.S. 738 (1967); Ark. Sup. Ct. R. 4-3(j)(1). Appellant has not filed a *pro se* brief, as contemplated by Rule 4-3(j)(2). The State agrees that there is no merit to the appeal and recommends that Appellant's convic-

tions be affirmed. We conclude that counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(j), and we order rebriefing.

Appellant's convictions arose from an incident that occurred at a bowling alley in Texarkana. The evidence showed that Appellant entered the business wearing a ski mask and carrying a gun. Appellant demanded money and jewelry from the five employees therein. He threatened to kill some of the employees and held one of the females at gunpoint during much of the time. One of the employees managed to call 9-1-1 while the robbery was occurring. As a result, the police were waiting outside the business when Appellant left. Appellant came out of the building with his gun raised and walked toward one of the officers. The officer responded by firing his gun. Other officers fired as well, and Appellant was hit by one of the shots. Appellant was arrested and charged with five counts of aggravated robbery and theft of property, for each of the five victims. He was also charged with committing aggravated assault on a police officer.

■■ Appellant moved for a directed verdict at the close of the State's case and then at the conclusion of all the evidence. The trial court denied both motions, and Appellant was convicted on all counts. During the course of the trial, Appellant made a motion to represent himself. The trial court denied the motion. No other adverse rulings were made during the trial. There was, however, one adverse ruling made prior to trial, when the trial court denied Appellant's motion for a continuance. The argument portion of counsel's brief discusses the issue of sufficiency of the evidence. It does not, however, discuss the two additional adverse rulings, which have been abstracted by the State pursuant to Ark. Sup. Ct. R. 4-3(h). As such, the brief does not comply with Rule 4-3(j)(1), which provides in pertinent part:

> A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract. *The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal.* The abstract section of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the trial court. [Emphasis added.] `

Although the State has cured any abstracting defect by supplementing the additional adverse rulings, the fact remains that counsel's argument addresses only the lack of merit regarding the sufficiency of the evidence. This court cannot affirm an appellant's conviction without any discussion as to why a particular ruling by the trial court should not be meritorious grounds for reversal. *See Skiver v. State*, 330 Ark. 432, 954 S.W.2d 913 (1997) (*per curiam*); *Whitfield v. State*, 326 Ark. 762, 934 S.W.2d 484 (1996) (*per curiam*).

Accordingly, we direct Appellant's attorney to submit a new brief containing a discussion of the merit of any issue that can be raised regarding the denial of the motions for continuance and self-representation. The new brief shall be filed on or before June 6, 2000. In accordance with Rule 4-3(j)(2), Appellant will then have thirty days from that date to raise any additional arguments regarding those issues.

Rebriefing ordered.