SLIP OPINION

Cite as 2015 Ark. 91

# SUPREME COURT OF ARKANSAS

No. CR-14-580

| | | |
|---|---|---|
| KOU HER | | **Opinion Delivered** March 5, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. CR-13-77] |
| STATE OF ARKANSAS | | HONORABLE WILLIAM M. |
| | APPELLEE | PEARSON, JUDGE |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE. |

**KAREN R. BAKER, Associate Justice**

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k)(1) (2014), appellant Kou Her's counsel, John Cameron Burnett, has filed a no-merit brief and a motion to withdraw asserting that there are no nonfrivolous arguments that would arguably support an appeal.

After a three-day jury trial, on December 10–12, 2013, a Johnson County jury convicted Her of the following charges: (1) first-degree murder with a sentence of life imprisonment; (2) aggravated residential burglary with a sentence of life imprisonment; (3) attempted kidnapping with a sentence of 30 years' imprisonment; (4) first-degree battery with a sentence of 15 years' imprisonment; and (5) aggravated assault with a sentence of two years' imprisonment. All the sentences were to run consecutively.

On September 25, 2014, Burnett filed a motion to withdraw and a no-merit brief. On

SLIP OPINION

October 24, 2014, Her filed his own points for reversal pursuant to Arkansas Supreme Court Rule 4–3(k)(2). On November 20, 2014, the State responded to Her's pro se brief.

Our Rule 4–3(k), which is based on *Anders*, sets forth the framework for constitutionally permissible no-merit briefs. In order to satisfy Rule 4–3(k) and the framework set forth in *Anders*, counsel is required to file an abstract and addendum of the proceedings below, including all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. Rule 4–3(k)(1) states in pertinent part:

> A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and Addendum. *The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal.*

*Id.* (emphasis added).

A no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1) and must be rebriefed. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877 (per curiam). In *Sartin*, we explained:

> As the Sixth Amendment extends the right to effective assistance of counsel to appeals from convictions, *Anders* briefs were created as a prophylactic framework to satisfy Fourteenth Amendment due-process concerns when an attorney wished to withdraw from a meritless appeal. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Anders*, 386 U.S. 738, 87 S. Ct. 1396. The United States Supreme Court has held that states are allowed wide discretion, subject to constitutionally guaranteed minimums, to fashion procedures and policies for dealing with *Anders* briefs and no-merit appeals. *Smith v. Robbins*, 528 U.S. 259, 273, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). By requiring every adverse ruling to be abstracted and briefed, we have ensured that the due-process concerns in *Anders* are met and that the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on trial counsel's motion to withdraw is avoided. *We see no reason to lessen these protections, and*

SLIP OPINION

*we hold that, in a criminal case, on direct appeal, a no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1) and must be re-briefed.*

*Sartin*, 2010 Ark. 16, at 3–8, 362 S.W.3d at 879–82 (emphasis added).

Our language in *Sartin* is clear. In criminal cases the procedures we have fashioned to comply with *Anders*, by adopting Rule 4-3(k)(1), require every adverse ruling to be briefed in a no-merit appeal. *See Thompson v. State*, 2014 Ark. 79 (per curiam) (where Thompson was sentenced to life imprisonment, we stayed Thompson's counsel's motion to withdraw and ordered rebriefing because he failed to fully comply with the requirements of *Anders* and our Rule 4-3(k)). However, in *James v. State*, 2010 Ark. 486, 372 S.W.3d 800 (per curiam), in a footnote, we stated that

> Counsel did not include as adverse rulings the court's response to two objections made by the State during cross-examination of [a witness]. The objections are included in the abstract and could arguably be construed as adverse. We do not order rebriefing, however, because the circumstances here are unlike those in *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877 (per curiam). Here, the abstract and the broader scope of our required [4-3(i)] review of the record are sufficient to confirm that the rulings were not prejudicial, even if adverse.

*Id.* at 3 n.2, 372 S.W.3d at 804 n.2. This is clearly in conflict with the United States Supreme Court's holding in *Anders* and our holding in *Sartin*. Accordingly, to the extent that *James* conflicts with this opinion, we overrule it. However, the dissent maintains that *James* is still good law and need not be overruled. The dissent states:

> *James* is distinguishable from *Sartin* because Appellant James was sentenced to life imprisonment for his first-degree murder conviction, and we ultimately reached the merits of the circuit court's "arguably" adverse rulings, pursuant to our required Rule 4-3(i) review. This court has previously ordered rebriefing in life-imprisonment cases. *See, e.g.*, *Thompson v. State*, 2014 Ark. 79 (per curiam); *Dewberry v. State*, 341 Ark. 170, 15 S.W.3d 671 (2000); *Skiver v. State*, 330 Ark. 432, 954 S.W.2d 913 (1997) (per curiam). Notwithstanding these holdings, *James* is still good law. In death and

life-imprisonment cases, this court must adhere to Rule 4-3(i), which provides as follows:

> When the sentence is death or life imprisonment, the Court must review all errors prejudicial to the appellant in accordance with Ark. Code Ann. § 6-91-113(a). To make that review possible, the appellant must abstract, or include in the Addendum, as appropriate, all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, together with such parts of the record as are needed for an understanding of each adverse ruling. The Attorney General will make certain and certify that all of those objections have been abstracted, or included in the Addendum, and will brief all points argued by the appellant and any other points that appear to involve prejudicial error.

Thus, given our mandatory review of the record pursuant to Rule 4-3(i), as well as our holding in *James*, I contend that this court must review any adverse rulings in the instant case pursuant to Rule 4-3(i). In doing so, I do not advocate that this court perform an attorney's job as required by *Anders* and Rule 4-3(k). To the contrary, if attorneys fail to comply with the requirements for filing a no-merit brief in these circumstances, they should be referred to the Committee on Professional Conduct. Moreover, our rules committee should review any apparent discrepancy between Rule 4-3(i) and Rule 4-3(k). In the meantime, this court should hear Her's no-merit appeal. To that end, judicial economy prevails.

This analysis is incorrect. *James* cannot remain good law because it is in direct contravention of the United States Supreme Court holding in *Anders*. In *Anders*, the Supreme Court explained its holding:

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. . . . *It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel.* . . . This procedure will assure penniless defendants the same rights and opportunities on appeal—as nearly as is practicable—as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel.

SLIP OPINION

*Anders*, 386 U.S. at 744–45 (emphasis added) (footnote omitted).

Accordingly, *Anders* requires a no-merit brief by defense counsel, and once the brief is filed and the defendant has adequate time to respond, then the appellate court conducts "its own review." Simply put, the role of the appellate court is to perform its own review, not act as an advocate for the defendant. However, the dissent mistakenly conflates the requirements of defense counsel pursuant to *Anders* and the requirements for our review pursuant to Rule 4–3(i). Rule 4–3(i) places a duty on this court "when the sentence is death or life imprisonment, the Court must review all errors prejudicial to the appellant," which is wholly separate from defense counsel's duty prescribed in *Anders*. Stated differently, *Anders* applies to advocates and Rule 4–3(i) applies to the appellate court's review. These two requirements are not one in the same and our Rule 4–3(i) review cannot serve as a substitute for defense counsel's responsibilities pursuant to *Anders* and Rule 4–3(k).

In *Penson v. Ohio*, 488 U.S. 75 (1988), the United States Supreme Court addressed an alleged error in appellate review that arose when an appellate court affirmed a criminal defendant's convictions despite permitting defense counsel to withdraw without filing an *Anders* brief. Penson was an indigent defendant whose appointed appellate counsel was allowed to withdraw based on a conclusory statement that the case had no merit and that he would not file an *Anders* brief. *Penson*, 488 U.S. at 78. The Ohio Court of Appeals noted that counsel's certification that the appeal was meritless was "highly questionable." *Penson* at 79. The Ohio court then examined the record without the assistance of any advocacy on behalf of Penson. *Id*. The Ohio court found that there had been plain error in the jury

SLIP OPINION

instructions on one count. *Id*. It reversed on that count but affirmed the conviction and sentences on the other count. *Id*. The Ohio court held that Penson was not prejudiced by his attorney's error because the court had thoroughly examined the record and had received the benefit of arguments made by counsel for two co-defendants. *Id*. The Ohio Supreme Court dismissed the appeal. The United States Supreme Court reversed and held that the motion to withdraw should have been denied, the motion should not have been acted upon without the appellate court's own examination of the record, and the Ohio court erred by failing to appoint new counsel after it had determined that there were arguable claims because *Anders* required the court to appoint counsel. *Id*. In its holding, the Supreme Court explained:

> Counsel's failure to file such a brief left the Ohio court without an adequate basis for determining that he had performed his duty carefully to search the case for arguable error and also deprived the court of the assistance of an advocate in its own review of the cold record on appeal.

*Id*. at 82.

> Moreover, the Court recognized that
>
> One hurdle faced by an appellate court in reviewing a record on appeal without the assistance of counsel is that the record may not accurately and unambiguously reflect all that occurred at the trial. Presumably, appellate counsel may contact the trial attorney to discuss the case and may thus, in arguing the appeal, shed additional light on the proceedings below. The court, of course, is not in the position to conduct such ex parte communications.

*Id*. at 82 n.5.

Pertinent to Her's case before us, in *Penson*, the State argued that Penson was not prejudiced when an *Anders* brief had not been filed and the Ohio appellate court conducted

6

a bare record review, the same position the dissent has taken here in Her's case. That is, no

prejudice occurred because the appellate court's own review prevented prejudice to the

defendant. The Supreme Court rejected this argument and held:

> Under the State's theory, if on reviewing the bare appellate record a court would ultimately conclude that the conviction should not be reversed, then the indigent criminal appellant suffers no prejudice by being denied his right to counsel. Similarly, however, if on reviewing the record the court would find a basis for reversal, then the criminal defendant also suffers no prejudice. In either event, the criminal appellant is not harmed and thus has no basis for complaint. Thus, adopting the State's view would render meaningless the protections afforded by *Douglas* and *Anders*.

*Id.* at 86.

Finally, in *Gilliam v. State*, 305 Ark. 438, 439, 808 S.W.2d 738, 738–39 (1991) (per

curiam) and *Sartin*, citing to *Penson*, we recognized the requirement of the appellate court's

independent review when we explained *Anders* and the procedure required:

> The [United States Supreme C]ourt set up a procedure to follow for allowing appointed counsel for an indigent criminal defendant to withdraw from a first appeal on the basis that the appeal is frivolous. The procedure, which our court has incorporated . . . requires counsel to first conduct a "conscientious examination" of the case and then support a request to withdraw with a brief referring to anything in the record which might arguably support the appeal. *The appellate court must then conduct a full examination of all the proceedings and permit withdrawal if its separate inquiry reveals no nonfrivolous issue, but must appoint new counsel to argue the appeal if such an issue exists. See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988).

*Gilliam*, 305 Ark. at 439 (emphasis added).

Further, in *Sartin*, citing *Penson* as well, we explained:

> The purpose and substance of a brief in support of an attorney's motion to withdraw as counsel where an appeal would be without merit is governed in part by *Anders* and subsequent United States Supreme Court holdings. . . . These purposes, in turn, were held to have imposed two duties on an appellate court faced with an *Anders* brief. *First, the court "must satisfy itself that the attorney has provided the client with a diligent and*

7

*thorough search of the record for any arguable claim that might support the clients appeal."* Penson v. Ohio, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (citing *McCoy*, 486 U.S. at 442, 108 S.Ct. 1895). *Second, the court "must determine whether counsel has correctly concluded that the appeal is frivolous." Penson, 488 U.S. at 83, 109 S.Ct. 346.*

*Id.*, 2010 Ark. 16, at 2–3.

Accordingly, we have previously recognized that the Supreme Court's holding in *Penson* encompasses the issue the dissent has presented here: whether an appellate court's independent review satisfies *Anders*. The answer is no. The *Anders* requirements pertain to defense counsel's advocacy and assistance to the appellate court in its own *independent* review. Accordingly, although the dissent suggests that our Rule 4-3(i) review is a substitute for defense counsel's responsibility under *Anders*, it is not.[1]

Turning to Her's appeal, upon review, we are unable to consider his appeal at this time, because the brief is not in compliance with Rule 4-3(k)(1). Burnett fails to address the sufficiency of the evidence and Her's motion for directed verdict and simply rehashes the facts from the trial. Additionally, we specifically note that our independent review of the record shows that Burnett fails to address at least two additional adverse rulings and explain why those rulings do not contain meritorious grounds for relief.

We conclude that Burnett's brief fails to comply with Rule 4-3(k); thus, we order rebriefing. We encourage counsel to carefully examine the record and review our rules before resubmitting an *Anders* brief. Accordingly, we order counsel to submit a substituted brief

---

[1]Finally, although the dissent states that counsel should be referred to the Committee on Professional Conduct for failure to comply with *Anders*, I disagree because referring counsel to the Committee does not remedy the fact that Her has not been provided with his constitutionally required advocacy by defense counsel.

within fifteen days of this opinion. Ark. Sup. Ct. R. 4-2(b)(3). If Burnett chooses to again file an *Anders* brief, his brief will be forwarded by our clerk to Her so that, within thirty days, Her again will have the opportunity to raise any points he so chooses in accordance with Ark. Sup. Ct. R. 4-3(k)(2), and the State shall be afforded the opportunity to file a responsive brief.

Rebriefing ordered; motion to withdraw denied without prejudice.

HANNAH, C.J., and WOOD, J., dissent.

**JIM HANNAH, Chief Justice, dissenting.** I agree with the majority that Her's counsel, John Cameron Burnett, has failed to comply fully with the requirements of Arkansas Supreme Court Rule 4-3(k) (2014). Specifically, Burnett failed to argue Her's sufficiency point and to explain why other adverse rulings did not contain meritorious grounds for reversal. Notwithstanding these omissions on Burnett's part, I maintain that this court should consider Her's appeal and review all adverse rulings, pursuant to our mandatory review in criminal appeals in which a sentence of death or life imprisonment has been imposed. *See* Ark. Sup. Ct. R. 4-3(i) (2014). For this reason, I respectfully dissent.

Burnett filed a no-merit brief claiming that no meritorious issue could support an appeal in Her's case. In no-merit appeals, counsel is required to list each ruling adverse to the defendant and to explain why each adverse ruling does not present a meritorious ground for reversal. *See* Ark. Sup. Ct. R. 4-3(k). In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court reviewed the process by which a California court-appointed appellate counsel had represented a criminal indigent defendant convicted of the felony possession of marijuana. The Court held:

The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by *a brief referring to anything in the record that might arguably support the appeal.* A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders*, 386 U.S. at 744 (footnote omitted) (emphasis added).

In Arkansas, we require a similar procedure with a heightened burden on the attorney.

Rule 4–3(k)(1) provides:

(1) Any motion by counsel for a defendant in a criminal or a juvenile delinquency case for permission to withdraw made after notice of appeal has been given shall be addressed to the Court, shall contain a statement of the reason for the request and shall be served upon the defendant personally by first-class mail. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and Addendum. The brief shall contain an argument section that consists of *a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal.* The abstract and Addendum of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court.

(Emphasis added.)

Rule 4–3(k) implicates the necessity for rebriefing when counsel fails to brief all of the

SLIP OPINION

adverse rulings. *Anders* does not require that counsel address every adverse ruling, nor does it demand rebriefing. In *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877 (per curiam), we accepted certification from the court of appeals to determine whether a single omission from a no-merit brief required rebriefing and held that, in a criminal case on direct appeal, a no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1) and must be rebriefed. Appellant Sartin was convicted of aggravated robbery and felony theft of property for which he received a sentence of twenty and ten years' imprisonment, respectively. Because of the court of appeals' jurisdiction of the case, as well as Appellant Sartin's sentence, his appeal would not have been subjected to a mandatory Rule 4–3(i) review.

Citing *Sartin* as precedent, the majority orders rebriefing in this case. In doing so, it mistakenly overrules *James v. State*, 2010 Ark. 486, 372 S.W.3d 800 (per curiam). In *James*, appellant was sentenced to life imprisonment, and his counsel filed an *Anders* brief. We stated that "[c]ounsel identifies a number of rulings adverse to appellant that he arranges into eight groups for discussion and explains why none provide a meritorious ground for reversal." *Id.* at 3, 372 S.W.3d at 804. In a footnote, we stated:

> Counsel did not include as adverse rulings the court's response to two objections made by the State during cross-examination of Heather's son, Michael James. The objections are not included in the abstract and could *arguably* be construed as adverse. We do not order rebriefing, however, because the circumstances here are unlike those in *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877 (per curiam). Here, the abstract and the broader scope of our required review of the record are sufficient to confirm that the rulings were not prejudicial, *even if adverse.*

*Id.* at 3 n.2, 372 S.W.3d at 804 n.2 (emphasis added). Thus, *James* is distinguishable from

*Sartin* because Appellant James was sentenced to life imprisonment for his first-degree murder conviction, and we ultimately reached the merits of the circuit court's "arguably" adverse rulings, pursuant to our required Rule 4–3(i) review. This court has previously ordered rebriefing in no-merit, life-imprisonment cases. *See, e.g.*, *Thompson v. State*, 2014 Ark. 79 (per curiam); *Dewberry v. State*, 341 Ark. 170, 15 S.W.3d 671 (2000); *Skiver v. State*, 330 Ark. 432, 954 S.W.2d 913 (1997) (per curiam)[1]. Notwithstanding the holdings in these cases, this court did not discuss its duty, as set forth in Rule 4–3(i), to review the record for adverse rulings. In my view, *James* is still good law.

In death and life-imprisonment cases, this court must adhere to Rule 4–3(i), which provides as follows:

> When the sentence is death or life imprisonment, the Court must review all errors prejudicial to the appellant in accordance with Ark. Code Ann. § 6-91-113(a). To make that review possible, the appellant must abstract, or include in the Addendum, as appropriate, all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, together with such parts of the record as are needed for an understanding of each adverse ruling. The Attorney General will make certain and certify that all of those objections have been abstracted, or included in the Addendum, and will brief all points argued by the appellant and any other points that appear to involve prejudicial error.

Thus, given our mandatory review of the record pursuant to Rule 4–3(i), as well as our holding in *James*, this court must review any adverse rulings in the instant case pursuant to Rule 4–3(i).

Given this stance, I do not advocate that this court perform an attorney's job as

---

[1]In *Skiver*, this court mentions Rule 4–3(i)'s precursor, Arkansas Supreme Court Rule 4–3(h), but only in the context that Skiver's abstract and argument portions of the brief did not comply with Rule 4–3(h).

required by *Anders* and Rule 4–3(k). To the contrary, if attorneys fail to comply with the Rule 4–3(k) requirements for filing a no-merit brief, they should be referred to the Committee on Professional Conduct. Here, while Burnett did not comply with Rule 4–3(k), he did comply with *Anders* because the adverse rulings not briefed were not such that "might arguably support an appeal." *Anders*, 386 U.S. at 744. Moreover, I maintain that our rules committee should review any apparent discrepancy between Rule 4–3(i) and Rule 4–3(k). In the meantime, this court should hear Her's no-merit appeal. To that end, judicial economy prevails.

WOOD, J., joins.

*John C. Burnett*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.