Jim Hannah, Chief Justice, dissenting. I agree with the majority that Her’s counsel, John Cameron Burnett, has failed to comply fully with the requirements of Arkansas Supreme Court Rule 4-3(k) (2014). Specifically, Burnett failed to argue Her’s sufficiency point and to explain why other adverse rulings did not contain meritorious grounds for reversal. Notwithstanding these omissions on Burnett’s part, I maintain that this court should consider Her’s appeal and review all adverse rulings, pursuant to our mandatory review in criminal appeals in which a sentence of death or life imprisonment has been imposed. See Ark. Sup.Ct. R. 4 — 3(i) (2014). For this reason, I respectfully dissent. Burnett filed a no-merit brief claiming that no meritorious issue could support an appeal in Her’s case. In no-merit appeals, counsel is required to list each ruling adverse to the defendant and to explain why each adverse ruling does not present a meritorious ground for reversal. See Ark. Sup.Ct. R. 4-3(k). In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the United States Supreme Court reviewed the process by which a California court-appointed appellate counsel had represented a criminal indigent defendant convicted of the felony possession of marijuana. The Court held: ImThe constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of ami-cus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client’s appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel’s brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel’s request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal. Anders, 386 U.S. at 744, 87 S.Ct. 1396 (footnote omitted) (emphasis added). In Arkansas, we require a similar procedure with a heightened burden on the attorney. Rule 4-3(k)(l) provides: (1) Any motion by counsel for a defendant in a criminal or a juvenile delinquency case for permission to withdraw made after notice of appeal has been given shall be addressed to the Court, shall contain a statement of the reason for the request and shall be served upon the defendant personally by first-class mail. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and Addendum. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract and Addendum of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court. (Emphasis added.) Rule 4-3(k) implicates the necessity for rebriefing when counsel fails to brief all of the |nadverse rulings. Anders does not require that counsel address every adverse ruling, nor does it demand rebriefing. In Sartin v. State, 2010 Ark. 16, 362 S.W.3d 877 (per curiam), we accepted certification from the court of appeals to determine whether a single omission from a no-merit brief required rebriefing and held that, in a criminal case on direct appeal, a no-merit brief that fads to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(l) and must be rebriefed. Appellant Sartin was convicted of aggravated robbery and felony theft of property for which he received a sentence of twenty and ten years’ imprisonment, respectively. Because of the court of appeals’ jurisdiction of the case, as well as Appellant Sar-tin’s sentence, his appeal would not have been subjected to a mandatory Rule 4 — 3(i) review. Citing Sartin as precedent, the majority orders rebriefing in this case. In doing so, it mistakenly overrules James v. State, 2010 Ark. 486, 372 S.W.3d 800 (per curiam). In James, appellant was sentenced to life imprisonment, and his counsel filed an Anders brief. We stated that “[c]oun-sel identifies a number of rulings adverse to appellant that he arranges into eight groups for discussion and explains why none provide a meritorious ground for reversal.” Id. at 3, 372 S.W.3d at 804. In a footnote, we stated: Counsel did not include as adverse rulings the court’s response to two objections made by the State during cross-examination of Heather’s son, Michael James. The objections are not included in the abstract and could arguably be construed as adverse. We do not order rebriefing, however, because the circumstances here are unlike those in Sartin v. State, 2010 Ark. 16, 362 S.W.3d 877 (per curiam). Here, the abstract and the broader scope of our required review of the record are sufficient to confirm that the rulings were not prejudicial, even if adverse. Id. at 3, 372 S.W.3d at 804 n.2 (emphasis added). Thus, James is distinguishable from \)ZSartin because Appellant James was sentenced to life imprisonment for his first-degree murder conviction, and we ultimately reached the merits of the circuit court’s “arguably” adverse rulings, pursuant to our required Rule 4 — 3(i) review. This court has previously ordered rebriefing in no-merit, life-imprisonment cases. See, e.g., Thompson v. State, 2014 Ark. 79, 2014 WL 689049 (per curiam); Dewberry v. State, 341 Ark. 170, 15 S.W.3d 671 (2000); Skiver v. State, 330 Ark. 432, 954 S.W.2d 913 (1997) (per curiam)[1]. Notwithstanding the holdings in these cases, this court did not discuss its duty, as set forth in Rule 4 — B(i), to review the record for adverse rulings. In nay view, James is still good law. In death and life-imprisonment cases, this court must adhere to Rule 4 — 3(i), which provides as follows: When the sentence is death or life imprisonment, the Court must review all errors prejudicial to the appellant in accordance with Ark.Code Ann. § 6-91-113(a). To make that review possible, the appellant must abstract, or include in the Addendum, as appropriate, all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, together with such parts of the record as are needed for an understanding of each adverse ruling. The Attorney General will make certain and certify that all of those objections have been abstracted, or included in the Addendum, and will brief all points argued by the appellant and any other points that appear to involve prejudicial error. Thus, given our mandatory review of the record pursuant to Rule 4 — 3(i), as well as our holding in James, this court must review any adverse rulings in the instant case pursuant to Rule 4 — 3(i). Given this stance, I do not advocate that this court perform an attorney’s job as |isrequired by Anders and Rule 4-3(k). To the contrary, if attorneys fail to comply with the Rule 4-3(k) requirements for filing a no-merit brief, they should be referred to the Committee on Professional Conduct. Here, while Burnett did not comply with Rule 4-3(k), he did comply with Anders because the adverse rulings not briefed were not such that “might arguably support an appeal.” Anders, 386 U.S. at 744, 87 S.Ct. 1396. Moreover, I maintain that our rules committee should review any apparent discrepancy between Rule 4 — 3(i) and Rule 4-3(k). In the meantime, this court should hear Her’s no-merit appeal. To that end, judicial economy prevails. Wood, J., joins. . In Skiver, this court mentions Rule 4-3(i)’s precursor, Arkansas Supreme Court Rule 4-3(h), but only in the context that Skiver's abstract and argument portions of the brief did not comply with Rule 4-3(h).