Alonzo GILLIAM *v.* STATE of Arkansas

CA 91-35                                    808 S.W.2d 738

Supreme Court of Arkansas
Opinion delivered May 6, 1991

*Omar F. Green II*, for appellant.

*Winston Bryant*, Att'y Gen., for appellee.

PER CURIAM. The attorney for the appellant has filed a "no merit" brief and a motion to be relieved as counsel in the appeal of the adjudication that appellant is a juvenile delinquent. The case is docketed on the civil docket of the Court of Appeals. Counsel asks that the motion and brief be provided to the appellant so that he may respond in accordance with *Anders* v. *California*, 386 U.S. 738 (1967). The Court of Appeals has certified the motion to this court to determine whether the provisions of *Anders*, which

protect the adult appellant's right to counsel on appeal, should apply to the appeal of an adjudication of juvenile delinquency.

In *Anders*, the United States Supreme Court held that a criminal appellant may not be denied representation on appeal based on appointed counsel's conclusory assertion that counsel is of the opinion that there is no merit to the appeal. The court set up a procedure to follow for allowing appointed counsel for an indigent criminal defendant to withdraw from a first appeal on the basis that the appeal is frivolous. The procedure, which our court has incorporated in its Rule 11(h), requires counsel to first conduct a "conscientious examination" of the case and then support a request to withdraw with a brief referring to anything in the record which might arguably support the appeal. The appellate court must then conduct a full examination of all the proceedings and permit withdrawal if its separate inquiry reveals no nonfrivolous issue, but must appoint new counsel to argue the appeal if such an issue exists. *See Penson* v. *Ohio*, 488 U.S. 75 (1988); *McCoy* v. *Court of Appeals of Wisconsin*, 486 U.S. 429 (1988). It is clear that a denial of counsel in a criminal case casts such doubt on the fairness of the trial process that it can never be considered harmless error. Because the fundamental importance of the assistance of counsel does not cease as a prosecutorial process moves from the trial to the appellate stage, the presumption of prejudice must extend as well to the denial of counsel on appeal. *Satterwhite* v. *Texas*, 486 U.S. 249 (1988).

Although delinquency proceedings are not penal in nature and are essentially a civil proceeding, certain due process safeguards, made applicable to the states by the fourteenth amendment, normally associated with criminal proceedings have been extended for the protection of juveniles. Among these is the right to counsel at the adjudicatory stage of the proceedings. *In Re Gault*, 387 U.S. 1 (1967). The court in *Gault* noted that "the juvenile needs the assistance of counsel to cope with problems of law, to make skilled inquiry into the facts, to insist upon regularity of the proceedings, and to ascertain whether he has a defense and to prepare and submit it. The child requires the guiding hand of counsel at every step of the proceedings against him." 387 U.S. at 36. The right to counsel in juvenile proceedings is specifically provided in Ark. Code Ann. § 9-27-316 (Repl. 1991).

■ Given that a juvenile has a constitutional right to counsel, the next question is whether a juvenile has a right to effective assistance of counsel. While a criminal defendant's right to effective assistance of counsel is based on the sixth amendment of the United States Constitution, made applicable to the states through the fourteenth amendment, *Gideon* v. *Wainwright*, 372 U.S. 335 (1963), a child's constitutional right to counsel in a juvenile proceeding is based on the due process clause of the fourteenth amendment and is not necessarily as broad as the right to counsel in a criminal case. *In Re Gault*, 387 U.S. 1; *see also* *McKeiver* v. *Pennsylvania*, 403 U.S. 528 (1971). As the law relating to the right to effective representation by counsel has developed, however, the distinction as to the source of the right to effective counsel has become "a distinction without a difference." *Matter of Smith*, 393 Pa.Super. 39, 573 A.2d 1077, 1079 (1990). Various decisions have held that the right to counsel is the equivalent of the right to effective counsel; otherwise, there is a denial of due process. *Evitts* v. *Lucey*, 469 U.S. 387 (1985).

■ The Supreme Court has not held that due process affords a right of appeal in criminal proceedings. It has held that to the extent a state makes an appeal available to criminal defendants, equal protection requires that the appeal procedure be available to all such persons. *Griffin* v. *Illinois*, 351 U.S. 12 (1956). Although there is no constitutional right to appeal from juvenile court orders, any statutory appeal procedure must be administered fairly to all persons to avoid denial of equal protection. Noting that the relative flexibility of the juvenile adjudication and the possible subsequent substantial infringement on the juvenile's liberty make the right to appeal perhaps more, and certainly not less, vital to safeguard the fairness of the juvenile process, the United States Court of Appeals for the Third Circuit held unconstitutional a Virgin Island statute providing for appeals from juvenile court orders only in the discretion of the juvenile court judge. *In Re Brown*, 439 F.2d 47 (3rd Cir. 1971). Since the right of appeal was absolute in criminal cases and all other civil cases, the court held that restricting the right in juvenile cases was a violation of equal protection. The California Court of Appeals held in *In Re Arthur N.*, 36 Cal.App.3rd 935, 112 Cal.Rptr. 89 (1974), that equal protection guarantees to juveniles the same right accorded to adults by statutes to be

advised of the rights to appeal and to be represented by counsel on appeal.

■ We find that juveniles have a due process right to counsel on appeal based on the application of the reasoning in *Gault*. Moreover, the equal protection clause requires counsel for juveniles on appeal if adults are so entitled. This conclusion follows the Supreme Court's decision in *Douglas v. California*, 372 U.S. 353 (1963), in which the court held that, although no constitutional right to appeal exists, if states afford a statutory appeal procedure, fairness dictates that counsel be appointed for persons unable to afford counsel. The State of Arkansas in Ark. Code Ann. § 9-27-343 (Repl. 1991) gives a juvenile a right of direct appeal. Due process requirements ordinarily accorded criminal appellants extend to safeguard the juvenile's appeal. *See State v. Berlat*, 146 Ariz. 505, 707 P.2d 303 (1985). Even though the right of counsel in juvenile proceedings is predicated on due process concepts of fairness and is not necessarily as broad as the right to counsel in criminal proceedings, if due process requires that the juvenile be represented at trial and on appeal by effective counsel, then counsel are required to comport with the same procedures set out in *Anders* which were established to assure that there is no denial of the right to counsel on appeal. We recognize that the juvenile appellant may not personally have the capability and maturity to prepare a brief or other response to the attorney's motion and brief, but the juvenile must be afforded the opportunity to respond if he can do so personally or to avail himself of the assistance of a parent, guardian, or other adult. This court does not require the adult criminal appellant to prepare his brief or response without assistance under our Rule 11(h), and it is no less acceptable for the juvenile appellant to have assistance, if needed, in the preparation of a brief or other response. We also recognize that there will be instances where there is no responsible adult available to assist the juvenile. Essentially this same problem also confronts the adult criminal appellant who is illiterate, of low intelligence, or poorly educated who may not have another person to assist him in responding to an *Anders* brief. Clearly, the procedure outlined in *Anders* is not perfect, but all efforts to protect an appellant's constitutional rights are flawed in some manner. At best, the procedure can only provide one more safeguard in the final disposition of the case on

appeal which, when taken with our full examination of the record and counsel's examination of the record and reference to anything in the record which might arguably support an appeal, helps assure the appellant, whether adult or juvenile, that the "no merit" appeal is given the thorough attention it must have.

The clerk is directed to provide appellant and his parent or guardian with a copy of counsel's motion to be relieved and the brief filed by counsel so that appellant may file a *pro se* brief or other response within thirty days if he so chooses. The final disposition of counsel's request to be relieved in the case will be made by the Court of Appeals after the court has conducted the full examination of all the proceedings as set out in *Anders*.

Motion granted in part.