
SLIP OPINION

Cite as 2014 Ark. 79

# SUPREME COURT OF ARKANSAS

No. CR–13–438

|  |  |
|---|---|
| EDWARD LEE THOMPSON III<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered FEBRUARY 20, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. CR-2012-749]<br><br>HONORABLE BARRY SIMS, JUDGE<br><br><u>REBRIEFING ORDERED</u>. |

## PER CURIAM

A jury found Appellant Edward Lee Thompson III guilty of first-degree murder, aggravated robbery, felony theft of property, and misdemeanor theft of property and sentenced him, respectively, to life imprisonment, fifty years' imprisonment, and forty years' imprisonment in the Arkansas Department of Correction, as well as one year in the Pulaski County jail. The court ordered the term-of-year sentences to run concurrently with the life sentence.

A timely notice of appeal was filed, and the attorney appointed to represent Appellant on appeal has filed a motion to withdraw as counsel and a no-merit brief. The requirements for withdrawal of counsel for a defendant in a criminal case after a notice of appeal has been filed on the basis that an appeal is without merit are set forth in *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2013). In accordance with Rule 4-3(k)(2), our clerk furnished Appellant with a copy of the no-merit brief filed by counsel.

SLIP OPINION

Appellant submitted a pro se response, setting forth issues that he believed warranted a reversal of his conviction, and the State has responded. Because Appellant received a sentence of life imprisonment, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(2) (2013). At this time, we stay appellate counsel's motion to withdraw and order rebriefing because he has failed to fully comply with the requirements of *Anders* and our Rule 4–3(k).

In his no-merit brief to this court, appellate counsel has listed five rulings decided adversely to Appellant and set forth reasons why those rulings provide no basis for a meritorious appeal. However, in setting forth the final adverse ruling, which concerned the issue of whether Appellant could be found guilty of either aggravated robbery or robbery, appellate counsel misconstrues the nature of trial counsel's objection and, as a result, does not properly address whether that issue indeed lacks merit. As a result, we must order rebriefing in the present case because the brief submitted by appellate counsel is inadequate. *See Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877.

Further, because we order rebriefing on the verdict issue, we direct appellate counsel to address an additional issue that has come to the court's attention in reviewing the record. Specifically, the record reveals that the circuit court engaged in an ex-parte communication with a juror during the course of the trial. Although the record is silent as to whether an objection was raised, we believe that it is necessary for appellate counsel to address whether this issue provides any meritorious basis for appellate review.

Counsel's substituted brief, abstract, and addendum are due within fifteen days from the date of our decision. Ark. Sup. Ct. R. 4–2(b)(3) (2013). By this ruling, we do not

express any opinion as to whether the new brief should be filed pursuant to Rule 4–3(k)(1) or should be filed asserting meritorious grounds for reversal. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to Appellant so that, within thirty days, he will again have the opportunity to raise any points he so chooses in accordance with Rule 4–3(k)(2). In either instance, the State shall be afforded the opportunity to file a responsive brief.

*Benca & Benca*, by: *Patrick J. Benca*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.