SLIP OPINION

Cite as 2014 Ark. 229

# SUPREME COURT OF ARKANSAS

No. CR–13–438

| | |
|---|---|
| EDWARD THOMPSON, III<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** May 15, 2014<br><br>MOTION FOR EXTENSION OF TIME TO SETTLE RECORD<br><br><br><br>DENIED. |

## PER CURIAM

Appellant Edward Thompson, III, by and through his counsel, Patrick Benca, moves this court for a forty-five-day extension of time to settle the record in his appeal pending before this court. For the reasons explained herein, the motion is denied.

On February 20, 2014, we ordered rebriefing in the instant appeal, and Appellant's new brief was due in this court by March 7, 2014. *See Thompson v. State*, 2014 Ark. 79 (per curiam). On March 6, 2014, counsel checked out the record in this appeal and, that same day, requested an extension of time to file Appellant's brief. An extension was granted and the brief was due to be filed with this court on March 14, 2014.

On March 14, 2014, counsel tendered Appellant's brief and filed a motion to supplement the record on an issue noted by this court involving a communication between the trial court and a juror. Therein, counsel requested fifteen days in which to supplement the record. This court granted the motion on April 10, 2014, and the record was to be settled

and returned to this court by April 25, 2014. On that day, however, counsel filed the instant "Motion for Extension of Time to Settle Record."

In the instant motion, counsel acknowledges that the record was to be settled within fifteen days but then states, without explanation as to why the matter has not yet been settled, that a hearing was scheduled for May 1, 2014. Counsel further states that the court reporter "has indicated that since the client is indigent it will take at least 3 weeks to prepare the transcript after the hearing." Counsel then requests a forty-five day extension.

This court set a very specific deadline, based on counsel's assertion that it was adequate time in which to settle the record, that apparently has been disregarded by all involved. Counsel fails to state when exactly he requested the necessary hearing and gives no explanation as to why it was not held prior to the expiration of the fifteen days granted by this court. Moreover, we are troubled by counsel's statement that a transcript cannot be prepared in a timely fashion based on Appellant's indigency status. Again, we reiterate that the time for settling this record has expired. A court reporter may not ignore an order of this court, particularly based on the indigency status of an appellant.

Appellant's motion for extension of time is denied. Appellant is ordered to settle the record in this case and file any substituted opening brief with this court by May 22, 2014.

*Benca & Benca*, by: *Patrick J. Benca*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.