SLIP OPINION

Cite as 2014 Ark. 435

# SUPREME COURT OF ARKANSAS

No. CR–13–438

| | |
|---|---|
| EDWARD THOMPSON III<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** October 23, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-12-749]<br><br>HONORABLE BARRY A. SIMS, JUDGE<br><br><u>REBRIEFING ORDERED; PRO SE MOTION TO COMPEL AND STATE'S UNOPPOSED MOTION TO FILE SUPPLEMENTAL ABSTRACT AND SUBSTITUTED BRIEF MOOT</u>. |

**PER CURIAM**

Appellant Edward Thompson III appeals from the sentencing order of the Pulaski County Circuit Court reflecting his convictions for murder in the first degree, aggravated robbery, felony theft of property, and misdemeanor theft of property as well as his sentence as a habitual offender to a total term of life imprisonment. A timely notice of appeal was filed and the record was lodged; this court then granted Thompson's trial counsel's motion to be relieved, and we appointed Patrick Benca to represent Thompson on appeal. *See Thompson v. State*, 2013 Ark. 271 (per curiam). For the reasons explained herein, we relieve Mr. Benca as counsel and refer him to our Committee on Professional Conduct. Additionally, we appoint Thompson new appellate counsel.

On September 5, 2013, this court granted Thompson's motion to file belated brief,

after Mr. Benca had filed the motion and sought a forty-five-day extension in which to file his brief; in addition, this court granted Mr. Benca a final extension of forty-five days. *See Thompson v. State*, 2013 Ark. 312 (per curiam). Mr. Benca then filed a motion to withdraw as counsel and a no-merit brief on Thompson's behalf pursuant to *Anders v. California*, 386 U.S. 738 (1967). On submission of the appeal to this court, however, we stayed Mr. Benca's motion to withdraw and ordered rebriefing "because [appellate counsel] failed to fully comply with the requirements of *Anders* and our [Arkansas Supreme Court] Rule 4–3(k) [(2013)]." *Thompson v. State*, 2014 Ark. 79, at 2 (per curiam).

In our per curiam order, we specifically found that in setting forth the final of five rulings decided adversely to Thompson, appellate counsel had misconstrued the nature of trial counsel's objection and failed to properly address whether that issue indeed lacked merit. *See id*. We concluded that appellate counsel's brief was inadequate, and we ordered the matter rebriefed. *See id*. We further directed appellate counsel to "address an additional issue" regarding an ex-parte communication between the circuit court and a juror during the course of the trial that had come to this court's attention in reviewing the record. *See id*. We directed that a substituted brief, abstract, and addendum be filed, while expressing no opinion as to whether the brief filed should be a no-merit, *Anders* brief or one asserting meritorious grounds for reversal. *See id*. Finally, we directed that the State be afforded the opportunity to file a responsive brief to Thompson's substituted brief. *See id*.

Thompson's new brief was due to this court by March 7, 2014; however, on March 6, Mr. Benca checked out the record on appeal and, that same day, requested and was granted

2

a seven-day extension, making Thompson's substituted brief due on March 14. On that day, Mr. Benca tendered Thompson's brief, but also filed a motion to settle the record on the ex-parte communication issue, requesting fifteen days to do so. *See Thompson v. State*, 2014 Ark. 229 (per curiam). We granted the motion, and the record was to be settled and returned to this court by April 25, 2014. *See id*. It was on that day, however, that appellate counsel filed a motion for extension of time to settle the record, stating that the hearing to settle the record had been scheduled for May 1;[1] we denied that motion and ordered Thompson to settle the record and file any substituted brief with this court by May 22, 2014. *See id*.

The supplemental record was lodged with this court's clerk on May 20, 2014; yet, Mr. Benca chose to rely on his substituted brief that had been tendered on March 14. Having now had the opportunity to review this substituted brief, it is evident to this court that Mr. Benca failed to comply with this court's directives set forth in our February 20, 2014 per curiam order. *See Thompson*, 2014 Ark. 79. Specifically, appellate counsel neither filed a substituted abstract that included the May 1, 2014 hearing held to settle the record, nor did he address the ex-parte communication issue. Moreover, we do not find to be satisfactory Mr. Benca's attempt to clarify and address the ruling on trial counsel's objection that he originally misconstrued.

When Mr. Benca filed the supplemental record with this court's clerk, he submitted a letter in which he appears to explain why he did not address the ex-parte communication

---

[1]The motion offered no explanation as to why the hearing had not been requested or scheduled in a more timely fashion to allow Mr. Benca to comply with our April 25 deadline.

issue. In it, he stated, in pertinent part:

> The Court, in granting the request [to settle the record], indicated that should an issue be raised by the supplemental record, than the as [*sic*] substituted brief would need to be filed contemporaneously.
>
> The potential ex parte communication was a juror asking the trial judge if the jurors were allowed to ask questions of witnesses, to which the trial court indicated, "no." This issue was not developed in the original record.
>
> Counsel does not believe that this matter is an issue that needs to be briefed, therefore he relies on the brief that has been tendered awaiting the settling of the record. Counsel believes that no further briefing is needed.

Counsel's belief, however, is a mistaken one. This court was clear in its directives to file a substituted brief, rebriefing one issue and addressing an additional one, along with a substituted abstract and addendum, but he did not do so. As a result of Mr. Benca's noncompliance with this court's per curiam order and his failure to file an adequate brief on Thompson's behalf, we hereby relieve Mr. Benca of his duties as counsel for Thompson and refer him to our Committee on Professional Conduct. Furthermore, we appoint Rosalyn Watts to serve as Thompson's new attorney in pursuit of his appeal. Our clerk is directed to set a new briefing schedule. In light of our decision to order rebriefing, Thompson's pro se motion to compel and the State's unopposed motion to file a supplemental abstract and substituted brief are moot.

Rebriefing ordered; pro se motion to compel and state's unopposed motion to file supplemental abstract and substituted brief moot.