KAREN R. BAKER, Associate Justice h Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Arkansas Supreme Court Rule 4 — 3(k)(l) (2014), appellant Kou Her’s counsel, John Cameron Burnett, has filed a no-merit brief and a motion to withdraw asserting that there are no nonfrivolous arguments that would arguably support an appeal. After a three-day jury trial, on December 10-12, 2013, a Johnson County jury convicted Her of the following charges: (1) first-degree murder with a sentence of life imprisonment; (2) aggravated residential burglary with a sentence of life imprisonment; (3) attempted kidnapping with a sentence of 30 years’ imprisonment; (4) first-degree battery with a sentence of 15 years’ imprisonment; and (5) aggravated assault with a sentence of two years’ imprisonment. All the sentences were to run consecutively. On September 25, 2014, Burnett filed a motion to withdraw and a no-merit brief. On | ^October 24, 2014, Her filed his own points for reversal pursuant to Arkansas Supreme Court Rule 4-3(k)(2). On November 20, 2014, the State responded to Her’s pro se brief. Our Rule 4-3(k), which is based on An-ders, sets forth the framework for constitutionally permissible no-merit briefs. In order to satisfy Rule 4-3(k) and the framework set forth in Anders, counsel is required to file an abstract and addendum of the proceedings below, including all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. Rule 4-3(k)(l) states in pertinent part: A request to withdraw on the ground that the appeal is wholly -without merit shall be accompanied by a brief including an abstract and Addendum. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Id. (emphasis added). A no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(l) and must be rebriefed. Sartin v. State, 2010 Ark. 16, 362 S.W.3d 877 (per curiam). In Sartin, we explained: As the Sixth Amendment extends the right to effective assistance of counsel to appeals from convictions, Anders briefs were created as a prophylactic framework to satisfy Fourteenth Amendment due-process concerns when an attorney wished to withdraw from a meritless appeal. Pennsylvania v. Finley, 481 U.S. 551, 555,107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Anders, 386 U.S. 738, 87 S.Ct. 1396. The United States Supreme Court has held that states are allowed wide discretion, subject to constitutionally guaranteed mínimums, to fashion procedures and policies for dealing with Anders briefs and no-merit appeals. Smith v. Robbins, 528 U.S. 259, 273, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). By requiring every adverse ruling to be abstracted and briefed, we have ensured that the due-process concerns in Anders are met and that the unnecessary risk of a deficient Anders brief resulting in an incorrect decision on trial counsel’s motion to withdraw is avoided. We see no reason to lessen these protections, and Uwe hold that, in a criminal case, on direct appeal, a no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule k-3(h)(1) and must be re-briefed. Sartin, 2010 Ark. 16, at 3-8, 362 S.W.3d at 879-82 (emphasis added). Our language in Sartin is clear. In criminal cases the procedures we have fashioned to comply with Anders, by adopting Rule 4-3(k)(l), require every adverse ruling to be briefed in a no-merit appeal. See Thompson v. State, 2014 Ark. 79 (per curiam) (where Thompson was sentenced to life imprisonment, we stayed Thompson’s counsel’s motion to withdraw and ordered rebriefing because he failed to fully comply with the requirements of Anders and our Rule 4-3(k)). However, in James v. State, 2010 Ark. 486, 372 S.W.3d 800 (per curiam), in a footnote, we stated that Counsel did not include as adverse rulings the court’s response to two objections made by the State during cross-examination of [a witness]. The objections are included in the abstract and could arguably be construed as adverse. We do not order rebriefing, however, because the circumstances here are unlike those in Sartin v. State, 2010 Ark. 16, 362 S.W.3d 877 (per curiam). Here, the abstract and the broader scope of our required [4 — 3(i) ] review of the record are sufficient to confirm that the rulings were not prejudicial, even if adverse. Id. at 3, 372 S.W.3d at 804 n.2. This is clearly in conflict -with the United States Supreme Court’s holding in Anders and our holding in Sartin. Accordingly, to the extent that James conflicts with this opinion, we overrule it. However, the dissent maintains that James is still good law and need not be overruled. The dissent states: James is distinguishable from Sartin because Appellant James was sentenced to life imprisonment for his first-degree murder conviction, and we ultimately reached the merits of the circuit court’s “arguably” adverse rulings, pursuant to our required Rule 4 — 3(i) review. This court has previously ordered rebriefing in life-imprisonment cases. See, e.g., Thompson v. State, 2014 Ark. 79 [2014 WL 689049] (per curiam); Dewberry v. State, 341 Ark. 170, 15 S.W.3d 671 (2000); Skiver v. State, 330 Ark. 432, 954 S.W.2d 913 (1997) (per curiam). Notwithstanding these holdings, James is still good law. In death and |4life-im-prisonment cases, this court must adhere to Rule 4 — 3(i), which provides as follows: When the sentence is death or life imprisonment, the Court must review all errors prejudicial to the appellant in accordance with Ark.Code Ann. § 6-91-113(a). To make that review possible, the appellant must abstract, or include in the Addendum, as appropriate, all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, together with such parts of the record as are needed for an understanding of each adverse ruling. The Attorney General will make certain and certify that all of those objections have been abstracted, or included in the Addendum, and will brief all points argued by the appellant and any other points that appear to involve prejudicial error. Thus, given our mandatory review of the record pursuant to Rule 4 — 8(i), as well as our holding in James, I contend that this court must review any adverse rulings in the instant case pursuant to Rule 4 — 3(i). In doing so, I do not advocate that this court perform an attorney’s job as required by Anders and Rule 4-3(k). To the contrary, if attorneys fail to comply with the requirements for filing a no-merit brief in these circumstances, they should be referred to the Committee on Professional Conduct. Moreover, our rules committee should review any apparent discrepancy between Rule 4 — 3(i) and Rule 4-8(k). In the meantime, this court should hear Her’s no-merit appeal. To that end, judicial economy prevails. This analysis is incorrect. James cannot remain good law because it is in direct contravention of the United States Supreme Court holding in Anders. In An-ders, the Supreme Court explained its holding: The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of ami-cus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client’s appeal to the best of his ability.... It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel.... This procedure will assure penniless defendants the same rights and opportunities on appeal — as nearly as is practicable — as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel. Anders, 386 U.S. at 744-45, 87 S.Ct. 1396 (emphasis added) (footnote omitted). Accordingly, Anders requires a no-merit brief by defense counsel, and once the brief is filed and the defendant has adequate time to respond, then the appellate court conducts “its own review.” Simply put, the role of the appellate court is to perform its own review, not act as an advocate for the defendant. However, the dissent mistakenly conflates the requirements of defense counsel pursuant to An-ders and the requirements for our review pursuant to Rule 4-3(i). Rule 4 — 3(i) places a duty on this court “when the sentence is death or life imprisonment, the Court must review all errors prejudicial to the appellant,” which is wholly separate from defense counsel’s duty prescribed in Anders. Stated differently, Anders applies to advocates and Rule 4 — 3(i) applies to the appellate court’s review. These two requirements are not one in the same and our Rule 4 — 3(i) review cannot serve as a substitute for defense counsel’s responsibilities pursuant to Anders and Rule 4-3(k). In Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), the United States Supreme Court addressed an alleged error in appellate review that arose when an appellate court affirmed a criminal defendant’s convictions despite permitting defense counsel to withdraw without filing an Anders brief. Penson was an indigent defendant whose appointed appellate counsel was allowed to withdraw based on a conclusory statement that the case had no merit and that he would not file an Anders brief. Penson, 488 U.S. at 78, 109 S.Ct. 346. The Ohio Court of Appeals noted that counsel’s certification that the appeal was meritless was “highly questionable.” Penson at 79, 109 S.Ct. 346. The Ohio court then examined the record without the assistance of any advocacy on behalf of Penson. Id. The Ohio court found that there had been plain error in the jury | (¡instructions on one count. Id. It reversed on that count but affirmed the conviction and sentences on the other count. Id. The Ohio court held that Pen-son was not prejudiced by his attorney’s error because the court had thoroughly examined the record and had received the benefit of arguments made by counsel for two co-defendants. Id. The Ohio Supreme Court dismissed the appeal. The United States Supreme Court reversed and held that the motion to withdraw should have been denied, the motion should not have been acted upon without the appellate court’s own examination of the record, and the Ohio court erred by failing to appoint new counsel after it had determined that there were arguable claims because An-ders required the court to appoint counsel. Id. In its holding, the Supreme Court explained: Counsel’s failure to file such a brief left the Ohio court without an adequate basis for determining that he had performed his duty carefully to search the ease for arguable error and also deprived the-court of the assistance of an advocate in its own review of the cold record on appeal. Id. at 82,109 S.Ct. 346. Moreover, the Court recognized that One hurdle faced by an appellate court in reviewing a record on appeal without the assistance of counsel is that the record may not accurately and unambiguously reflect all that occurred at the trial. Presumably, appellate counsel may contact the trial attorney to discuss the case and may thus, in arguing the appeal, shed additional light on the proceedings below. The court, of course, is not in the position to conduct such ex parte communications. Id. at 82 n. 5, 109 S.Ct. 346. Pertinent to Her’s case before us, in Penson, the State argued that Penson was not prejudiced when an Anders brief had not been filed and the Ohio appellate court conducted 17a bare record review, the same position the dissent has taken here in Her’s case. That is, no prejudicé occurred because the appellate court’s own review prevented prejudice to the defendant. The Supreme, Court rejected this argument and held: Under the State’s theory, if on reviewing the bare appellate record a court would ultimately conclude that the conviction should not be reversed, then the indigent criminal appellant suffers no prejudice by being denied his right to counsel. Similarly, however, if on reviewing the record the court would find a basis for reversal, then the criminal defendant also suffers no prejudice. In either event, the criminal appellant is not harmed and thus has no basis for complaint. Thus, adopting the State’s view would render meaningless the protections afforded by Douglas and Anders. Id. at 86,109 S.Ct. 346. Finally, in Gilliam v. State, 305 Ark. 438, 439, 808 S.W.2d 738, 738-39 (1991) (per curiam) and Sartin, citing to Penson, we recognized the requirement of the appellate court’s independent review when we explained Anders and the procedure required: The [United States Supreme C]ourt set up a procedure to follow for allowing appointed counsel for an indigent criminal defendant to withdraw from a first appeal on the basis that the appeal is frivolous. The procedure, which our court has incorporated ... requires counsel to first conduct a “conscientious examination” of the case and then support a request to withdraw with a brief referring to anything in the record which might arguably support the appeal. The appellate court must then conduct a full examination of all the proceedings and permit withdrawal if its separate inquiry reveals no nonfriv-olous issue, but must appoint new counsel to argue the appeal if such an issue exists. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). Gilliam, 305 Ark. at 439, 808 S.W.2d 738 (emphasis added). Further, in Sartin, citing Penson as well, we explained: The purpose and substance of a brief in support of an attorney’s motion to withdraw as counsel where an appeal would be without merit is governed in part by Anders and subsequent United States Supreme Court holdings.... These purposes, in turn, were held to have imposed two duties on an appellate court faced with an Anders brief. First, the court “must satisfy itself that the attorney has provided the client with a diligent and | ¿thorough search of the record for any arguable claim that might support the clients appeal.” Penson v. Ohio, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (citing McCoy, 486 U.S. at 442,108 S.Ct. 1895). Second, the court “must determine whether counsel has correctly concluded that the appeal is frivolous. ” Penson, 488 U.S. at 88, 109 S.Ct. 346. Id., 2010 Ark. 16, at 2-3, 362 S.W.3d 877. Accordingly, we have previously recognized that the Supreme Court’s holding in Penson encompasses the issue the dissent has presented here: whether an appellate court’s independent review satisfies An-ders. The answer is no. The Anders requirements pertain to defense counsel’s advocacy and assistance to the appellate court in its own independent review. Accordingly, although the dissent suggests that our Rule 4 — 3(i) review is a substitute for defense counsel’s responsibility under Anders, it is not.[1] Turning to Her’s appeal, upon review, we are unable to consider his appeal at this time, because the brief is not in compliance with Rule 4-3(k)(l). Burnett fails to address the sufficiency of the evidence and Her’s motion for directed verdict and simply rehashes the facts from the trial. Additionally, we specifically note that our independent review of the record shows that Burnett fails to address at least two additional adverse rulings and explain why those rulings do not contain meritorious grounds for relief. We conclude that Burnett’s brief fails to comply with Rule 4-3(k); thus, we order rebriefing. We encourage counsel to carefully examine the record and review our rules before resubmitting an Anders brief. Accordingly, we order counsel to submit a substituted brief ^within fifteen days of this opinion. Ark. Sup.Ct. R. 4 — 2(b)(3). If Burnett chooses to again file an Anders brief, his brief will be forwarded by our clerk to Her so that, within thirty days, Her again will have the opportunity to raise any points he so chooses in accordance with Ark. Sup.Ct. R. 4 — 3(k)(2), and the State shall be afforded the opportunity to file a responsive brief. Rebriefing ordered; motion to withdraw denied without prejudice. Hannah, C.J., and Wood, J., dissent. . Finally, although the dissent states that counsel should be referred to the Committee on Professional Conduct for failure to comply with Anders, 1 disagree because referring counsel to the Committee does not remedy the fact that Her has not been provided with his constitutionally required advocacy by defense counsel.