SLIP OPINION

Cite as 2015 Ark. 123

# SUPREME COURT OF ARKANSAS

No. CR–13–438

| | |
|---|---|
| EDWARD LEE THOMPSON III<br><br>                    APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                    APPELLEE | **Opinion Delivered** MARCH 19, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. CR-2012-749]<br><br>HONORABLE BARRY SIMS, JUDGE<br><br><u>REBRIEFING ORDERED</u>. |

## PER CURIAM

Appellant Edward Lee Thompson III appeals his convictions for first-degree murder, aggravated robbery, felony theft of property, and misdemeanor theft of property. Thompson was sentenced to a term of life imprisonment for the first-degree-murder conviction, fifty years' imprisonment for the aggravated robbery, forty years for the felony theft of property, and one year for the misdemeanor theft of property. Thompson now argues on appeal that the circuit court erred in (1) denying his motion to suppress identification and (2) failing to conduct a hearing following an ex parte communication with a juror. We are unable to reach the merits of his appeal because of abstracting deficiencies in his brief.

This case was first submitted to us as a no-merit appeal, but after discovering certain deficiencies, we ordered Thompson's then counsel, Patrick Benca, to rebrief. *See Thompson v. State*, 2014 Ark. 79 (per curiam). Mr. Benca tendered a new brief, but it was also deficient and this court then removed Mr. Benca as counsel, appointed current counsel, Rosalyn Watts,

to represent Thompson on appeal, and directed our clerk to establish a new briefing schedule. *See Thompson v. State*, 2014 Ark. 435 (per curiam). Briefing was completed, and the case has again been submitted to this court.

Because Thompson was sentenced to life imprisonment, we are required to review all errors prejudicial to him. Ark. Sup. Ct. R. 4–3(i) (2014). To make that review possible, Rule 4–3(i) requires an appellant to "abstract, or include in the Addendum, as appropriate, all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, together with such parts of the record as are needed for an understanding of each adverse ruling." *Id*. In reviewing the abstract, it is clear that not all rulings decided adversely to Thompson have been abstracted. The deficiencies noted include, but are not limited to, failure to abstract an objection raised during jury selection. Despite that objection, there is an abstractor's note that states there are "no issues on appeal with regard to the jury selection." It is irrelevant that Thompson is not raising an argument on appeal regarding the jury-selection issue. Rule 4–3(i) requires *all* adverse rulings to be abstracted in a case when the sentence is life imprisonment. Moreover, the State raised an objection to certain evidence that Thompson sought to introduce during trial, which was ultimately sustained by the circuit court. We also note that Thompson raised an objection regarding the jury's verdict on the charges of aggravated robbery and robbery, an issue noted in our previous per curiams, *Thompson*, 2014 Ark. 79 and *Thompson*, 2014 Ark. 435, yet counsel again includes an abstractor's note that states that there are "no issues that arise from the polling [of the jury]." Finally, the rulings that have been abstracted by counsel, such as

2

the directed-verdict motions, have little meaning without the context of the evidence that was introduced and the circumstances during which the adverse rulings occurred.[1]

In accordance with Arkansas Supreme Court Rule 4-2(b)(3) (2014), Thompson is directed to file with our clerk within fifteen days from the date of this per curiam a substituted abstract, addendum, and brief that complies with our rules. After service of the substituted brief, the State shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the brief that was previously filed in this appeal. While we have noted the above-mentioned deficiencies, we encourage Thompson's counsel to review our rules and the record to ensure that no additional deficiencies are present.

Rebriefing ordered.

HANNAH, C.J., and WOOD, J., concur.

**JIM HANNAH, Chief Justice, concurring.** I agree with the majority opinion to order rebriefing in this appeal, but I take this opportunity to distinguish it from *Her v. State*, 2015 Ark. 91. First, Thompson's appeal began as a no-merit, life-imprisonment case subject

---

[1]Although Rule 4-3(i) clearly places the burden on an appellant to properly abstract, or include in the addendum, all adverse rulings, the rule further requires the Attorney General to make certain and certify that all objections have been abstracted or included in the addendum. In its brief to this court, the Attorney General states that "[p]ursuant to Ark. Sup. Ct. R. 4-3(i) (2014), the State has reviewed the entire record and has determined that all rulings decided adversely to appellant are included in the abstract, supplemental abstract, and addendum." This is clearly incorrect, and there is no supplemental abstract in this case. We note that the State previously filed a motion seeking to file a supplemental abstract. That motion was rendered moot, however, when this court removed prior counsel and ordered the appointment of new counsel and directed that a new briefing schedule be set. *Thompson*, 2014 Ark. 435.

to Arkansas Supreme Court Rule 4–3(k) (2014), and the requirements set forth in *Anders v. California*, 386 U.S. 738 (1967). We ordered rebriefing in *Thompson v. State*, 2014 Ark. 79 (per curiam). We later replaced Thompson's counsel, Patrick Benca, with Rosalyn Watts and directed our clerk to set a new briefing schedule in *Thompson v. State*, 2014 Ark. 435 (per curiam). When Watts submitted her briefs to this court, she chose not to file a no–merit brief and raised two points on appeal. Consequently, Rule 4–3(k) and *Anders* do not apply in the present appeal as they did in *Her*.

Second, this court now orders rebriefing to cure abstracting deficiencies pursuant to Arkansas Supreme Court Rule 4–3(i) (2014). Here, Thompson's briefing deficiencies include adverse rulings, including one objection raised during jury selection, that have not been abstracted. In *Her*, counsel did abstract the adverse rulings to Her but failed to address them in his brief to this court. I dissented in *Her* on the basis that this court should reach the merits of those adverse rulings, pursuant to our mandatory review set forth in Rule 4–3(i), and I recommended that this court refer Her's counsel to the Committee on Professional Conduct for his failure to comply with Rule 4–3(k). Thus, for these reasons, this case is distinguishable from *Her*, and I concur with the majority to order rebriefing.

WOOD, J., joins.

*Benca & Benca*, by: *Patrick J. Benca*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.