SLIP OPINION

Cite as 2015 Ark. 278

# SUPREME COURT OF ARKANSAS

No. CR-14-580

| | | |
|---|---|---|
| KOU HER | | **Opinion Delivered** June 18, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. CR-13-77] |
| STATE OF ARKANSAS | | HONORABLE WILLIAM M. PEARSON, JUDGE |
| | APPELLEE | |
| | | <u>REBRIEFING ORDERED</u>. |

**PER CURIAM**

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k)(1)(2014), appellant, Kou Her's counsel, John Cameron Burnett, has filed a substituted no-merit brief and a motion to withdraw in which he asserts that there are no nonfrivolous arguments that would arguably support an appeal.

After a three-day jury trial on December 10–12, 2013, a Johnson County jury convicted Her of the following charges: (1) first-degree murder with a sentence of life imprisonment; (2) aggravated residential burglary with a sentence of life imprisonment; (3) attempted kidnapping with a sentence of 30 years' imprisonment; (4) first-degree battery with a sentence of 15 years' imprisonment; and (5) aggravated assault with a sentence of two years' imprisonment. Because Her received a sentence of life imprisonment, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(a)(2) (2014).

After the parties filed their respective briefs, including Her's pro se points on appeal,

SLIP OPINION

on March 5, 2015, we ordered rebriefing because Her's counsel's brief did not comply with Rule 4–3(k). *Her v. State*, 2015 Ark. 91, 457 S.W.3d 659. On March 19, 2015, Her's counsel filed a second motion to withdraw as counsel and his supplemental no-merit brief. *Anders*, 386 U.S. 738. In accordance with Rule 4–3(k)(2), our clerk furnished Her with a copy of the no-merit brief. After rebriefing, Her and the State were both afforded the opportunity to file supplemental briefs. However, both relied on their respective briefs that had been previously filed in this matter.[1]

We now turn to Her's counsel's *Anders* brief and motion to withdraw, Her's pro se points, and the State's response. However, we are again unable to consider his appeal at this time, because the brief is not in compliance with Rule 4–3(k)(1). Burnett lists five adverse rulings and states that the rulings are not meritorious grounds for relief. Although Burnett lists the second, third, and fourth adverse rulings from Her's trial, Burnett fails to include *any* explanation why each adverse ruling is not a meritorious ground for reversal.

Her's counsel asserts that "the second objection was by the State in relation to a question posed to officer Allie Wilkerson by Defense Counsel. The trial court ruled the question was not relevant." Counsel goes on to state the standard of review for evidentiary rulings. However, counsel provides *no* explanation "as to why [the] adverse ruling is not a meritorious ground for reversal" as required by Rule 4–3(k). Counsel simply states that "the trial court did not abuse its discretion." Because Her's counsel offers *no* explanation why the

---

[1]On October 24, 2014, Her submitted a pro se response, setting forth six issues. On November 29, 2014, the State responded.

SLIP OPINION

ruling is not a meritorious ground for relief, the brief fails to comply with Rule 4–3(k).

Her's counsel next contends that the "the third objection was by Defense Counsel asserting that Counsel for the State was making a statement rather than asking a question." Counsel goes on to state the standard of review for evidentiary rulings. However, counsel provides *no* explanation "as to why [the] adverse ruling is not a meritorious ground for reversal" as required by Rule 4–3(k). Counsel simply states "the trial court did not abuse its discretion." Because Her's counsel offers *no* explanation why the ruling is not a meritorious ground for relief, he has failed to comply with Rule 4–3(k).

Finally, the fourth adverse ruling occurred during the cross-examination of the State's witness, Johnson County Sheriff's Office Investigator Jeff Wood. Her's counsel contends in his brief that "there was one other objection voiced by the State wherein the State objected to a potential answer to a question by officer Jeff Wood. However, the trial court correctly ruled that there had not been an answer to the question at that point and therefore the court did not issue a ruling. Therefore, there was no adverse ruling on this point." However, again, counsel provides *no* explanation "as to why [the] adverse ruling is not a meritorious ground for reversal" as required by Rule 4–3(k).

Accordingly, we must remand this matter to be rebriefed for a second time. We encourage counsel to carefully examine the record and review our rules before resubmitting an *Anders* brief. Accordingly, we order counsel to submit a substituted brief within fifteen days of this opinion. Ark. Sup. Ct. R. 4-2(b)(3). If Burnett chooses to again file an *Anders* brief, his brief will be forwarded by our clerk to Her so that, within thirty days, Her again will

have the opportunity to raise any points he so chooses in accordance with Ark. Sup. Ct. R. 4–3(k)(2), and the State shall be afforded the opportunity to file a responsive brief.

Accordingly, pursuant to Rule 4–3(k), we order rebriefing.

Rebriefing ordered.

HANNAH, C.J., and WOOD, J., dissent.

**RHONDA K. WOOD, JUSTICE, dissenting.** I dissent because I would reach the merits of the case for the reasons explained in the dissents in *Her v. State*, 2015 Ark. 91, 457 S.W.3d 659 (Hannah, C.J., dissenting) and *Gordon v. State*, 2015 Ark. 191 (Wood, J., dissenting).

*John C. Burnett*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.