Karen R. Baker, Justice, dissenting.
I must dissent from the majority's decision to affirm Fletcher's sentence of life imprisonment and grant counsel's motion to withdraw. I would order rebriefing and deny the motion to withdraw.
As explained by the majority, Fletcher's counsel has filed a no-merit brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion requesting to be relieved a counsel. Pursuant to Anders , we are required "after a full examination of all the proceedings, to decide whether the case is wholly frivolous." Id. at 744, 87 S.Ct. 1396. If we find "any of the legal points arguable on their merits (and therefore not frivolous) [we] must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Id. The purpose of this procedure is to "assure penniless defendants the same rights and opportunities on appeal-as nearly as is practicable-as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel." Id. at 745, 87 S.Ct. 1396. Thus, the test is not *864 whether counsel believes that the circuit court committed no reversible error; rather, it is whether the arguments to be raised on appeal would be "wholly frivolous."
Accordingly, based on the record before us, I disagree with the majority's decision to affirm without the benefit of adversary briefing. Fletcher's claim of evidentiary error regarding the admission of T.H.'s drawing does not rise to the level of a "wholly frivolous" argument and requires rebriefing. Stated differently, I am not convinced after examining the record that this evidentiary issue is one that may be decided without adversary presentation.
Because this issue deserves adversary presentation, I would deny counsel's motion to withdraw and order rebriefing in adversary form. Therefore, I must respectfully dissent.
Josephine Linker Hart, Justice, dissenting.
This case should be remanded for a merit brief on the admission of the drawing issue. Neither the brief nor the majority's disposition comports with the dictates of Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and its progeny. Filing an Anders brief is permissible only when an attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal, and after having identified all of the potential adverse rulings, the attorney determines that an appeal from those rulings would be "frivolous." Kou Her v. State , 2015 Ark. 91 at 8-9, 457 S.W.3d 659, 664 (citing Penson v. Ohio , 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) ). In an Anders case, the standard is not whether the appellant has an argument that will result in a reversal of his or her conviction; it is whether it would be wholly frivolous-essentially unethical-to argue a particular point. An argument on the merits of whether the admission of a graphic depiction of a horrendous murder that was created by a twelve-year-old witness, at least a week after the incident, at the behest of a "counselor," would not be frivolous.
The following colloquy took place at trial.
THE STATE : I am going to offer this as Exhibit Number 38. It's a hand-drawn picture by this witness, who I expect to testify that he drew the picture describing what he saw.
THE DEFENSE : My objection is that he has already described what he saw. This was something prepared out of the courtroom. I was not around when it was done. This is not to SCALE . This is simply a child's rendering of what he has already said and I object to it being introduced.
THE COURT : WHEN was this prepared?
THE STATE : April 21, 2015. It was about a week after the INCIDENT .
THE DEFENSE : It was not immediately afterwards. Again, it was prepared out of the courtroom for the purpose of being used as evidence. I wasn't there when it was done, so I don't know who coached him, who talked to them about it or any of that.
THE COURT : Did you get a copy of it?
THE DEFENSE : Yes. WE did get a copy, but again it was drawn out of the courtroom. It was not done to the jury. He has described the entire incident, I thought he did a good job describing it. This, I think, is prejudicial.
THE COURT : I OVERRULE your objection, and will allow it.
[ TESTIMONY Continues.]
T.H.: I RECOGNIZE the picture marked as Exhibit Number 38. I recall drawing the picture when the police questioned me. I *865 did not DRAW it when I gave my statement to the police. I [drew it] when I was at the counselor. I did the scene after the incident happened. It is what I remembered of the incident.
[Whereupon State's Exhibit Number 38 was admitted over DEFENDANT'S renewed objection, and published to the Jury]
First, the majority seems to misunderstand what is meant by judicial discretion. Judicial discretion means
discretion bounded by rules and principles of law, and not arbitrary, capricious, or unrestrained. It is not the indulgence of judicial whim, but the exercise of judicial judgment, based on facts and guided by law or the equitable decision or what is just and proper under the circumstances. It is legal discretion to be exercised in discerning the course prescribed by law and is not to give effect to the will of the judge, but to that of the law.
Black's Law Dictionary 323 (6th ed. 1990). In the case before us, the circuit court asked when the drawing was prepared and whether the defense was provided a copy. When it was informed that the drawing was prepared "about a week after the incident," the circuit court did not have the factual predicate to decide that it fit within a hearsay exception found in Rule 803 of the Arkansas Rules of Evidence. Stated another way, the so-called "discretion" that the law affords the circuit court extends only to determining whether there exists a factual basis for finding an exception to the prohibition in our rules of evidence against admitting hearsay. Accordingly, it would not be "wholly frivolous" to argue that the circuit court erred in admitting the drawing over a hearsay objection. The same rationale exists for an argument that the drawing was cumulative and impermissible bolstering of T.H.'s testimony with a prior consistent graphic statement.
Second, it is not proper to conclude that it would be "wholly frivolous" to make a merit-based argument because there is a wide range of theories about the admissibility of the drawing. As shown above, Fletcher's trial counsel argued that the drawing was inadmissible hearsay, cumulative, and impermissible bolstering with a prior consistent graphic statement. Fletcher's appellate attorney opined that admission of the drawing was error, but the error was harmless. The attorney general's office opined that it was not error to admit the drawing because it was "helpful" to the witness when he testified. The majority asserts that it was not error to admit the drawing because this case is controlled by Bly v. State , 267 Ark. 613, 593 S.W.2d 450 (1980). Suffice it to say that submitting a merit brief would not be wholly frivolous.
Third, under the Anders formulation, Fletcher's appellate counsel did not satisfy the requirement to explain why an argument concerning an adverse ruling would be wholly without merit by anticipating that this court would find the error harmless. Harmless-error analysis is undertaken by the appellate court, not the appellate attorney in an Anders brief. See Kou Her , 2015 Ark. 91, 457 S.W.3d 659 (discussing Penson , 488 U.S. 75, 109 S.Ct. 346 ). For this reason alone, this court should have denied appellate counsel's motion to withdraw.