Cite as 2019 Ark. 252

# SUPREME COURT OF ARKANSAS

No. CR-18-859

| | | |
|---|---|---|
| | | **Opinion Delivered:** September 26, 2019 |
| EMMITT RILEY | APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-18-30] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE SAM POPE, JUDGE |
| | APPELLEES | <u>MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE; REBRIEFING ORDERED</u>. |

**JOHN DAN KEMP, Chief Justice**

Appellant Emmitt Riley was found guilty by a Drew County Circuit Court jury of first-degree murder with a firearm and tampering with physical evidence and was sentenced to life imprisonment on the murder conviction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) (2018) of the Rules of the Supreme Court of Arkansas, appellant Emmitt Riley's counsel, Cecilia Ashcraft, has submitted a no-merit brief and a motion to withdraw as counsel asserting that this appeal is without merit. The motion to withdraw is accompanied by an abstract and addendum purporting to include all adverse rulings and a brief explaining that nothing in the record supports an appeal. In accordance with Rule 4-3(k)(2), this court's clerk furnished Riley with a copy of counsel's brief and notified him of his right to file pro se points for reversal within thirty days. Riley has chosen not to do so. We hold that counsel's no-merit brief does not comply with *Anders*

and Rule 4-3(k). We order rebriefing and deny without prejudice counsel's motion to withdraw.

Rule 4-3(k), which is based on *Anders*, sets forth the framework for constitutionally permissible no-merit briefs. *Her v. State*, 2015 Ark. 91, 457 S.W.3d 659. Rule 4-3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections . . . *with an explanation as to why each . . . is not a meritorious ground for reversal*." Ark. Sup. Ct. R. 4-3(k)(1) (emphasis added). We cannot affirm an appellant's conviction and allow an attorney to withdraw without adequate discussion as to why a particular ruling by the circuit court should not be a meritorious ground for reversal. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877 (per curiam). If a no-merit brief fails to address all the adverse rulings, we will send it back for rebriefing. *Id.*, 362 S.W.3d 877. This court has previously ordered rebriefing in life-imprisonment cases. *See, e.g., Her*, 2015 Ark. 91, 457 S.W.3d 659; *Thompson v. State*, 2014 Ark. 79 (per curiam); *Dewberry v. State*, 341 Ark. 170, 15 S.W.3d 671 (2000); *Skiver v. State*, 330 Ark. 432, 954 S.W.2d 913 (1997) (per curiam).

Our review of the record demonstrates that one adverse ruling in the argument section of the brief was not adequately discussed by counsel. At trial, during redirect examination, Riley's son, Emmitt Riley, Jr., testified. During his testimony, the following colloquy occurred:

DEFENSE COUNSEL: Is there anything that you forgot to mention that's coming to your mind right now?

RILEY JR                     Well, I don't want to get interrupted when I speak because I know I might speak, but all of these people that has came [sic] up here and testified, I know them personally. I'm from here just like they from here

PROSECUTOR:                  Objection, relevance, Your Honor.

THE COURT:                   Sustained.

DEFENSE COUNSEL:             You can step down. Call Emmitt Riley.

Counsel abstracted this specific adverse ruling in the brief but failed to include a full discussion of the circuit court's adverse ruling. The circuit court sustained the State's objection based on relevancy, but counsel does not address the relevancy ruling at all. Counsel merely cited Rule 611 of the Arkansas Rules of Evidence on the methods of interrogating witnesses and provided a conclusory sentence that the "trial court's ruling was within its discretion."

Counsel is strongly encouraged to review *Anders*, 386 U.S. 738, and Rule 4-3(k) for the requirements of a no-merit brief and to determine whether there remains any meritorious argument on appeal. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4-2 (2018). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to appellant, and he will have thirty days to raise any pro se points in accordance with Rule 4-3(k). The State will also be given an opportunity to file a responsive brief.

Motion to withdraw denied without prejudice; rebriefing ordered.

WOOD and WOMACK, JJ., dissent.

**RHONDA K. WOOD, Justice, dissenting.** I dissent for the same reasons explained in *Her v. State*, 2015 Ark. 91, 457 S.W.3d 659 (Hannah, C.J., dissenting). The majority incorrectly states that *Anders* requires an attorney to fully brief all adverse rulings in a no-merit brief. *Anders v. California*, 386 U.S. 738 (1967). Rather, *Anders* requires that a motion to withdraw "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* at 744.

The majority does not contend that a fuller discussion of this single relevancy objection "could arguably support the appeal." Nor does it explain how this court is incapable of adequately addressing it with the record before us. For these reasons, I dissent.

WOMACK, J., joins in this dissent.

*Walthall Law Firm, P.A.*, by: *Cecilia Ashcraft*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.