Cite as 2020 Ark. 244

# SUPREME COURT OF ARKANSAS

No. CR–20-5

ARDELL BURNELL

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** June 11, 2020

APPEAL FROM THE LAFAYETTE COUNTY CIRCUIT COURT [NO. 37CR-18-89]

HONORABLE CARLTON D. JONES, JUDGE

AFFIRMED.

**RHONDA K. WOOD, Associate Justice**

Ardell Burnell pleaded guilty to the first-degree murder of his wife, and a jury sentenced him to life imprisonment. On appeal, he argues that during the sentencing trial, the circuit court erroneously admitted a written response Burnell had sent to his wife's life insurance company asking for the policy benefits. We affirm.

## I. *Background*

In 2018, Burnell stabbed his wife to death outside their home. He immediately confessed, and the police arrested him. He later pleaded guilty to first-degree murder but reserved sentencing for a jury. Burnell's theme at sentencing was redemption. He contended that he took responsibility for the murder from the moment the officers arrived at the scene. Burnell argued that it was an isolated incident and that he realized the gravity of his action, and he asked the jury to impose a sentence of less than life imprisonment.

During the sentencing trial, the State introduced a letter from Unum, the provider of his wife's life insurance policy, to Burnell informing him that he was a named beneficiary but that "based on your current circumstances you may disclaim the benefits." In a handwritten response, Burnell wrote at the bottom of the Unum letter, "I Ardell Burnell would like to receive the payment payable to me from my wife [sic] policy." Burnell's counsel objected to the State admitting Burnell's response during the sentencing trial, arguing that it was irrelevant, and its sole purpose was to inflame the jury. The State argued that the response contradicted Burnell's contention that he was remorseful. It also asserted that the document was Burnell's answer to the civil interpleader for the insurance money and a public record filed with the circuit clerk of court. The circuit court admitted the letter. Burnell appeals this ruling.

## II. *Analysis*

A circuit court has great discretion regarding the admission of evidence, including evidence "presented during the penalty phase of the trial." *Holly v. State*, 2017 Ark. 201, 9, 520 S.W.3d 677, 683. Relevant evidence is evidence that tends to make the existence of any fact that is of consequence more probable or less probable than it would be without the evidence. Ark. R. Evid. 401. All relevant evidence is admissible. Ark. R. Evid. 402. However, the court can exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . . or needless presentation of cumulative evidence." Ark. R. Evid. 403. Although admissibility is governed by the Arkansas Rules of Evidence, pursuant to Arkansas statute, certain evidence, including relevant character evidence, evidence relevant to guilt, and rebuttal evidence, is admissible

at sentencing even if it would not have been admissible at the guilty phase of trial. Arkansas Code Annotated § 16-97-103(5), (7)–(9) (Repl. 2016). We review a court's decision to admit or exclude evidence for an abuse of discretion. *White v. State*, 2012 Ark. 221, 408 S.W.3d 720.

Here, the circuit court did not abuse its discretion by admitting Burnell's letter requesting the proceeds of his wife's life insurance policy. First, the letter suggests a possible financial motive for his wife's murder and therefore was relevant as to his guilt. *See Johnson v. State*, 2018 Ark. 6, 534 S.W.3d 143. The State argued to the circuit court it evidenced he was trying to profit from his wife's death. This financial motive countered Burnell's argument that the murder was only a horrible incident derived from a combination of anger and alcohol. Additionally, it was relevant to rebut his argument that he had accepted responsibility for his actions or had exhibited remorse, further evincing his character.

As relevant evidence, the question then turns to whether any prejudice Burnell derived from the letter substantially outweighed its probative value. Ark. R. Evid. 403; *see Fletcher v. State*, 2018 Ark. 261, 555 S.W.3d 858. Certainly, the jury may have negatively viewed his desire to receive his wife's life-insurance proceeds. But this impact did not substantially outweigh its probative value because it provided evidence of his motive for the murder and displayed Burnell's conduct after the murder, and the jury could weigh both in considering his request for a lighter sentence. *Fletcher*, 2018 Ark. 261, at 8, 555 S.W.3d at 863. ("[A]ll evidence offered by the State in a criminal trial is likely to be prejudicial to the defendant to some degree."). Burnell argued for a lighter sentence based on his remorseful and cooperative conduct post-murder. This argument made his actions concerning his wife's

life-insurance proceeds relevant to his sentencing. The circuit court did not abuse its discretion in determining the probative value outweighed the prejudicial impact. Therefore, we affirm.

### III. *Rule 4-3(i)*

In compliance with Arkansas Supreme Court Rule 4-3(i), we have examined the record for all objections, motions, and requests made by either party that the circuit court decided adversely to the appellant. We find no prejudicial error.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. The letter from the insurance company was not admissible at Burnell's sentencing trial for the purposes it was offered. Certainly, the letter did not provide a basis for the prosecution to argue to the jury that Burnell's murder of his wife was financially motivated. Burnell did not receive the insurance letter until after his wife's death. There is no evidence or indication in the record that Burnell even knew the policy existed before that time. This was prejudicial because without such evidentiary foundation, the letter has no relevance and functions instead to inflame the passion of the jury. To the extent the letter would have any tangential relevance for determining Burnell's motive, that relevance is substantially outweighed by unfair prejudice, i.e., the level of speculation necessarily required to afford the letter any significance for that purpose. Burnell's prejudice is demonstrated by the fact that he received the maximum sentence possible. *See, e.g.*, *Kitchell v. State*, 2020 Ark. 102, 10, 594 S.W.3d

4

848, 854 (citing *Buckley v. State*, 341 Ark. 864, 20 S.W.3d 331 (2000). For these reasons, we should order a new sentencing trial without the letter.

I dissent.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent Holt*, Ass't Att'y Gen., for appellee.